UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EQUITY HOLDING CORPORATION, ) | |
|     *Plaintiff*, ) | |
| v. ) | |
| ) | No.1:23-cv-00084-KAC-CHS |
| ALISHA TWITTY, CENTURION ) | |
| CAPITAL CORPORATION, ) | |
| JEFFERSON CAPITAL SYSTEMS, LLC, ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, and CAPITAL ONE ) | |
| BANK (USA), N.A., ) | |
|     *Defendants*. ) | |

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court upon Plaintiffs' five motions for default judgment against Alisha Twitty ("Twitty"), Capital One Bank (USA), N.A. ("Capital One"), Centurion Capital Corporation ("Centurion Capital"), Jefferson Capital Systems ("Jefferson Capital"), and Portfolio Recovery Associates, LLC ("PRA") (collectively, "non-USA Defendants") [Docs. 61, 62, 63, 64, 65, respectively]. The District Court has referred these motions for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A)-(C) [Doc. 67]. This lawsuit seeks to quiet title to 1516 N. Chamberlain Ave., Chattanooga, TN 37406. For the reasons stated herein, it is **RECOMMENDED** that the referenced motions be **GRANTED**.

**II.    BACKGROUND**

Plaintiff filed its complaint in state court to quiet title in 1516 N Chamberlain Ave., Chattanooga, TN 37406 (the "Property") on February 17, 2023. [Doc. 1-1 at 4]. Due to a federal tax lien on the Property, the United States of America was included as one of several named

defendants. [*Id.* at 1-12]. Defendant United States of America was personally served. [*Id.* at 1-3, 62]. Defendants Centurion Capital, Capital One, Jefferson Capital, and PRA were served via registered agents. [*Id.* at 62-63]. Service was attempted on Defendant Twitty at her last known address. [*Id.* at 62]. Finally, service by publication was provided to all defendants, including "any other parties or entities claiming interest in the property" through The Chattanooga Times Free Press. [Doc. 14 at 1-2, 64-67]. Defendant United States of America removed the case to this federal court on April 10, 2023. [Doc. 1].

Plaintiff's and Defendants' interests in the Property arise from the initial ownership of James Clay, Sr., who purchased the Property for $8,000 on October 13, 1992. [Doc. 1-1 at 29-30]. When Mr. Clay, Sr., died intestate in 2016, various interests in the Property passed to his wife, Freddie Clay, his four surviving children, Amber Bouie, Edward Clay, Euretha Readus, James Clay, Jr., and a granddaughter, Alisha Twitty.[1] [*Id.* at 7].

No transfer of Alisha Twitty's interest in the Property has been recorded. [*Id.* at 8]. However, Defendant Portfolio Recovery Associates, LLC, recorded a judgment against Ms. Twitty's interest in the Property in April 2019. [*Id.* at 53-55].

In October 2021, Amber Bouie and Edward Clay sold their interests in the Property via quitclaim deeds to their brother James Clay, Jr. [*Id.* at 27-32]. In May 2022, Freddie Clay sold her interest in the Property via quitclaim deed to James Clay, Jr. [*Id.* at 33-35]. However, Defendant Jefferson Capital Systems, LLC had recorded a judgment against Ms. Clay's interest in the Property in April 2019. [*Id.* at 50-51]. In June 2022, Euretha Readus sold her interest in the Property via quitclaim deed to James Clay, Jr. [*Id.* at 37-39]. However, Defendants Centurion

---

[1] Melody Twitty predeceased her father, James Clay, Sr. [Doc. 1-1 at 7]. Melody Twitty was the mother of Alisha Twitty. [*Id.*].

Capital Corporation and Capital One Bank (USA), N.A., had recorded judgments[2] against Ms. Readus' interest in the Property in August 2016 and February 2022, respectively. [*Id.* at 43-48].

James Clay, Jr., sold his interest in the Property via quitclaim deed to Plaintiff in July 2022. [*Id.* at 15-17].

Following removal to this Court, Plaintiff and Defendant United States of America entered into a settlement agreement. [Doc. 43]. Consequently, Defendant United States of America was dismissed from the case. [*Id.*]. None of the non-USA Defendants have responded to the Complaint or entered an appearance in the case. [*See* Docs. 56-60].

## III. LEGAL STANDARD

> Federal Rule of Civil Procedure 55(b)(2) applies if a plaintiff cannot show that its claim is for a sum certain. The granting of a motion for default judgment under Rule 55(b)(2) is left within the sound discretion of the court; however, there are procedural and substantive requirements which must be met.
>
> Procedurally, a plaintiff must show (1) the defendant was properly served with process; (2) the procedural obligations for default judgment under Federal Rule of Civil Procedure 55 have been fulfilled; (3) the defendant was served with notice at least seven days before the hearing on the motion for default judgment, if the plaintiff is seeking default against a defendant who has entered an appearance; (4) the defendant is not an infant or incompetent person; and (5) the defendant is not a member of the armed services who is entitled to protection under the Servicemembers Civil Relief Act. Only if the plaintiff fulfills all these procedural requirements does the court have discretion to enter a default judgment.
>
> As a matter of substance, courts should exercise their given discretion in favor of denying a motion for default judgment when the plaintiff's complaint fails to state a claim upon which relief can be granted. In making this determination, the court should accept all well-pleaded allegations in the complaint as true except for those relating to the amount of damages.

*AGCS Marine Ins., Co. v. AT Trucking Corp.*, No. 1:22-CV-313-CEA-SKL, 2023 WL 9290680, at *1-2 (E.D. Tenn. Dec. 20, 2023), report and recommendation adopted, No. 1:22-CV-313, 2024

---

[2] Centurion Capital Corporation technically recorded an Order Renewing Judgment. [Doc. 1-1 at 43-44]. However, the practical effect is the same as a judgment.

WL 188379 (E.D. Tenn. Jan. 17, 2024) (cleaned up). "In Tennessee, to bring a quiet title action a claimant must have title or possession." *Gatlinburg Airport Auth., Inc. v. Cantwell*, 499 F. Supp. 2d 1028, 1034 (E.D. Tenn. 2007).

IV.  ANALYSIS

The Court finds that jurisdiction is proper pursuant to 28 U.S.C. § 1442 because the United States of America was a proper Defendant at the time of removal from state court. The Court finds that venue is proper in this Court pursuant to 28 U.S.C. § 1444.

The procedural requirements for proper service, failure to answer or otherwise respond to the complaint, and entry of default have been met as to each of the Defendants according to the following findings of fact and conclusions of law:

1. Plaintiff served Defendants. [*See* Docs. 14, 50-54].

2. Defendants failed to respond to the Complaint and have not entered an appearance in this case. [*See* Docs. 56-60].

3. Defendant Alisha Twitty is not an infant or incompetent person. [*See* Doc. 70-1 at 90-91].

4. Defendant Alisha Twitty is not a member of the armed services. [*See* Doc. 70 at 90-97].

5. The Clerk entered a default as to each of the Defendants. [*See* Docs. 56-60].

Plaintiff has stated a claim upon which relief can be granted by demonstrating title[3] to the Property according to the following findings of fact and conclusions of law:

1. The Property was purchased by James Clay, Sr., for $8,000 on October 13, 1992, as recorded October 27, 1992, in the Register's Office of Hamilton County, Tennessee. [Doc. 1-1 at 29-30].

---

[3] While Plaintiff does not have title to all of the interests in the Property, Plaintiff has sufficiently established title for maintaining the present action.

2. James Clay, Sr., died intestate in 2016, resulting in ownership interests in the Property by Freddie Clay, Amber Bouie, Edward Clay, Euretha Readus, James Clay, Jr., and Alisha Twitty. [*Id.* at 7].

3. Freddie Clay, Amber Bouie, Edward Clay, and Euretha Readus each quitclaimed their interests in the Property to James Clay, Jr., prior to July 2022. Each quitclaim deed was recorded in the Register's Office of Hamilton County, Tennessee, prior to July 2022. [*Id.* at 27-39].

4. James Clay, Jr., quitclaimed his interest in the Property to Plaintiff on July 8, 2022. This quitclaim deed was recorded in the Register's Office of Hamilton County, Tennessee, on July 8, 2022. [*Id.* at 15-17].

## V. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that:

1. Plaintiffs' five motions for default judgment [Docs. 61, 62, 63, 64, 65] be **GRANTED** and default judgment be **ENTERED** in favor of Plaintiff against Defendants Alisha Twitty, Capital One Bank (USA), N.A., Centurion Capital Corporation, Jefferson Capital Systems, and Portfolio Recovery Associates, LLC.

2. Plaintiff be **GRANTED** exclusive title to 1516 N. Chamberlain Ave., Chattanooga, TN 37406.

3. All other interests previously held in 1516 N. Chamberlain Ave., Chattanooga, TN 37406, by Defendants or any other party or entity be **EXTINGUISHED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE